UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JACQUES E. SMITH,<br>    Plaintiff, | Case No. 1:23-cv-749 |
| vs. | McFarland, J.<br>Litkovitz, M.J. |
| DAVID YOST, OHIO ATTORNEY<br>GENERAL, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Texas, has filed a pro se civil complaint against Ohio Attorney General David Yost, the Honorable Judge Richard P. Ferenc, the Honorable Judge Charles L. Prater, Clermont County Prosecutor Mark Tekulve, and Clermont County Adult Probation Department employee Nick Horton. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

**A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

*also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    B.    **Plaintiff's Complaint**

Plaintiff's complaint and the documents attached thereto allege that in 1996 plaintiff was convicted of several felonies in the Clermont County Court of Common Pleas and was sentenced to a term of imprisonment at the Ohio Department of Rehabilitation and Correction (ODRC). In 2022, twenty-six years after he was released from prison, plaintiff filed an application for expungement of his criminal convictions in the Clermont County Court of Common Pleas. The matter was heard by Common Pleas Judge Richard Ferenc on January 14, 2022. At that hearing, appellant argued he was entitled to an expungement, stating, "26 years since it happened; nothing before it and nothing after it. I just want to prove to society that I'm not a criminal. This was a 'he said, she said,' case when I ran for Congress. So I waited 26 years to prove that I'm not a criminal before I filed for it." (Doc. 1-1, Ex. C3 at PAGEID 15).

3

According to an attachment to the complaint[1], Judge Ferenc responded:

> [Y]ou are eligible [for the expungement] under the R.C. 2953.31(A)(1)(b) section. There are no . . . criminal cases pending. But I'm required to look at several factors, and one of the factors is rehabilitation to the satisfaction of the Court. And in my mind, remorse -- responsibility is a key factor in rehabilitation. And . . . you simply indicated this didn't happen, that you were not guilty of these charges. There were other statements that you made that reflect you took really no responsibility for it. You blamed the Milford Police. But more importantly, the Probation Department contacted you on January 7th of this year. . . . And she reported that you stated that you were innocent, but the case became political to get this judge reelected. And I don't believe that you think you've done anything wrong. You've shown no remorse. . . . I don't believe you've really shown any remorse. So I'm going to deny your application.

(*Id.*).

Plaintiff alleges that following the hearing, Judge Ferenc issued an order denying plaintiff's application for expungement and found plaintiff had not been rehabilitated to the satisfaction of the court and had shown no genuine remorse for the crimes he committed.

Attached to plaintiff's complaint is a copy of his February 24, 2022 letter to the Ohio Department of Rehabilitation and Correction notifying it of his intention to file a lawsuit "for not rehabilitating" him. (Doc. 1-1, Ex. A at PAGEID 11). In the letter, plaintiff states, "As per the Clermont County Court Judge Richard P. Ferenc in the expungement Jacques E. Smith's records, Jacques E. Smith stating that after 26 years nothing before and nothing after, Judge Richard P. Ferenc stated that the state department did not rehabilitate him, therefore Jacques E. Smith's request is denied." (*Id.*).

The complaint further alleges that defendant Nick Horton "erroneously reported to the court that Jacques E. Smith has not been rehabilitated. (Ref. Exhibit B). Jacques E. Smith has

---

[1] The document purports to be a transcript of plaintiff's hearing before Judge Ferenc, but it is neither authenticated nor certified.

nothing to be rehabilitated for." (Doc. 1-1 at PAGEID 8).

Plaintiff also states:

Ohio Attorney General David Yost nor Clermont County Prosecutor Mark Tekulve made any attempt to remedy Honorable Judge Ferenc's actions against Jacques E. Smith. Clermont County Prosecutor Mark Tekulve made no attempt to make a proper investigation of the fraud by Honorable Judge Ferenc, as dictated by United States v. Throckmorton 98 US 61, 25 L. Ed. 93, 25 L. Ed. 2d 93 - Supreme Court, 1878.

(*Id*.).

As relief, plaintiff asks the Court "to expunge case 1996-CR-5331 and return his full rights as a citizen of the United States" and "to repudiate the lower court for their bias, fraudulent actions and hearsay. . . ." (Doc. 1-1 at PAGEID 9). He also seeks $50,000,000.00 in compensatory damages against Ohio Attorney General David Yost, Clermont County Prosecutor Mark Tekulve, Judge Richard P. Ferenc and Honorable Judge Charles L. Prater. (*Id*.).

**C.  Resolution**

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

Initially, plaintiff's claims are barred under *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987). Ohio Rev. Code § 2743.02(A)(1) provides, in part, that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee. . . ." The waiver applies to federal causes of actions as well as causes of action based on state law. *See Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012) ("federal damages claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims. . . .") (citing *Leaman*, 825 F.2d 946). *See also Thomson v.*

5

*Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995) (explaining that the Court of Claims Act established a "*quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees").

A plaintiff's choice to pursue relief in the Court of Claims must be "knowing, intelligent, and voluntary." *Easley v. Cooper*, 1:16-cv-338, 2017 WL 4857605, at *2-5 (S.D. Ohio Oct. 25, 2017) (Report and Recommendation), *adopted*, 2017 WL 5594125 (S.D. Ohio Nov. 21, 2017) (quoting *Leaman*, 825 F.2d at 956). In *Leaman*, the plaintiff made a knowing and voluntary waiver of her federal cause of action because she was represented by counsel at the time the Court of Claims action was filed. *Id*. ("The finding that the waiver was 'knowing, intelligent, and voluntary' presumably rests upon the fact that Ms. Leaman was represented by competent counsel when she filed her action in the Court of Claims, and counsel must be presumed to have known what the Court of Claims Act said. Under the circumstances of this case, we consider this an adequate foundation for the finding of voluntariness."). "In contrast, this presumption does not automatically apply to pro se litigants and district courts must make a factual determination as to whether a pro se litigant knowingly, intelligently, and voluntarily waived federal claims when filing suit in the Ohio Court of Claims." *Easley*, 2017 WL 4857605, at *2-5 (citing *Kajfasz v. Haviland*, 55 F. App'x 719, 722 (6th Cir. 2003)). The Court considers a number of factors in determining whether a waiver is sufficient, including: the number of cases litigated, proper caption, identification of proper jurisdictional statutes, relevant statutes for the constitutional claims, and the specific identification of R.C. § 2743.02 "which [would] illustrate[] that [the plaintiff] was on notice that he would waive his claims . . . by filing suit there." *Brooks v. McCoy*, No. 1:15-cv-39, 2015 WL 4538512, at *2 (S.D. Ohio July 27, 2015).

6

Plaintiff filed a complaint against the ODRC, the State of Ohio, Judge Richard P. Ferenc, Clermont County Adult Probation Department employee Nick Horton, and "Unknown Clerk of court or Judge Ferenc's Clerk" in the Ohio Court of Claims on June 2, 2022.  *See* Case Information, 2022-00452JD, *Jacques Smith v. Ohio Department of Rehabilitation and Correction*, OHIO COURT OF CLAIMS, https://ohcourtportal.tylerhost.net/Portal/Home/WorkspaceMode?p=0 (last visited December 20, 2023).[2]  The crux of his Court of Claims complaint is that Clermont County Court of Common Pleas Judge Richard P. Ferenc wrongly denied plaintiff's request for expungement of his criminal record because plaintiff "wasn't remorseful" and "wasn't rehabilitated."  (*Id.*).  On June 3, 2020, the Court of Claims magistrate issued an order advising plaintiff that "[u]nder R.C. 2743.02(E), only state agencies and instrumentalities can be defendants in original actions in the Court of Claims.  Accordingly, Hon. Judge Richard P. Ferenc, Nick Horton Adult Probation Dept. Clermont County, Unknown Clerk of Court or Judge Ferenc's Clerk are DISMISSED as parties in this action."  (*Id.*).  Three weeks later, plaintiff filed an amended complaint in the Court of Claims naming the Ohio Department of Corrections, Governor Mike DeWine, and Attorney General David Yost as defendants.  (*Id.*).  Plaintiff's case was ultimately dismissed by the Court of Claims for lack of jurisdiction and for failure to state a claim for relief.  On appeal, the Ohio Court of Appeals affirmed the judgment of the Court of Claims.  *See Jacques E. Smith v. Ohio Department of Rehabilitation and Correction*, No. 22AP-604, 2023 WL 2664334 (Ohio Ct. App. Mar. 28, 2023).

---

[2] Federal courts may take judicial notice of proceedings in other courts of record.  *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82 83 (6th Cir. 1969).  *See also National Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839 n.2 (6th Cir. 2010); *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

The complaint filed in this federal court appears to be largely duplicative of plaintiff's complaints filed in the Ohio Court of Claims, with the exception of naming Clermont County Prosecutor Mark Tekulve and Judge Charles L. Prater as defendants. In his federal court complaint, plaintiff reiterates that Judge Ferenc's denial of expungement violated his rights under the Fifth Amendment of the U.S. Constitution, Article I, § 10 of the Ohio Constitution, 42 U.S.C. § 1985, 42 U.S.C. § 1983, and state law for "fraud upon the court" as he stated in the Court of Claims complaints. The factual allegations and attachments to the federal complaint are nearly identical to his Court of Claims complaints.

The Court therefore concludes that plaintiff's federal lawsuit arises from the same acts or omission alleged in the Ohio Court of Claims case. "[A]n identity of claims and defendants is not required" and "[t]he waiver applies to any cause of action, based on the same acts or omissions, which plaintiff may have against any officer or employee of the state." *Easley*, 2008 WL 618642, at *2. Given the virtually identical complaints filed by plaintiff in both courts there is no question that the instant federal lawsuit arises from the same acts and omissions alleged in the Court of Claims case.

In addition, the Court finds that plaintiff, a pro se litigant, made a knowing, intelligent, and voluntary waiver of his right to proceed in federal court by filing suit in the Ohio Court of Claims. *See Leaman*, 825 F.2d at 956. Although it does not appear that plaintiff is a frequent filer in this Court, he has filed state court actions and appeals involving some of the same parties. *See Jacques E. Smith vs. Judge Richard Ferenc and Nick Horton*, No. 2022 CVA 00737 (Clermont County Common Pleas); *Jacques E. Smith v. State of Ohio*, No. 2022 CA 07 031 (12th Dist. Ct. of App.); *Jacques E. Smith vs. Judge Richard Ferenc, Nicholas Horton, Mark Tekulve,*

8

*Judge Charles L. Practer, and Ohio Attorney General Dave Yost,* No. 2023 CA 01 003 (12th Dist. Ct. of App.). *See also Williams v. Smith*, No. 2:05-cv-845, 2006 WL 2192470, at *10-11 (S.D. Ohio Aug. 1, 2006) (dismissing federal claims under *Leaman* because the pro se plaintiff had been involved in at least three previous lawsuits and demonstrated "an above-average understanding of the law for a pro se litigant"); *Brooks*, 2015 WL 4538512, at *4 (same). Plaintiff's complaints in both this federal court and the Court of Claims are coherent and organized, including a table of contents and headings, citations to applicable laws, recitations of his "statement of claim" and "summary," and a request for relief. He identified the proper federal jurisdictional statutes as well as the relevant federal statutes for his constitutional claims. Plaintiff also omitted the ODRC as a defendant in the federal court complaint, indicating a recognition that the ODRC is not a proper defendant under 42 U.S.C. § 1983. *See Troche v. Crabtree*, 2014 WL 2211012, at *3 (S.D. Ohio May 28, 2014) (Court may consider "the pro se plaintiff's prior litigation experience, the coherency of his filings in both the federal and Court of Claims matters, and whether the litigant referenced the statutory waiver provision in the filings"); *Williams*, 2006 WL 2192470, at *10 (finding of knowing waiver where pro se litigant has "an above-average understanding of the law for a pro se litigant"). Additionally, following the filing of his original complaint in the Court of Claims, the magistrate issued an order advising plaintiff that under the Court of Claims statute, Ohio Rev. Code § 2743.02(E), only state agencies and instrumentalities can be defendants in original actions in the Court of Claims. While plaintiff did not reference Ohio Rev. Code § 2743(A)(1) in his subsequent amended complaint, he was arguably on notice of the Court of Claims statute, including its waiver provision. In light of these factors, the Court finds that plaintiff knowingly, intelligently, and

voluntarily waived his right to file suit against the defendants in federal court.

The Court also notes that plaintiff's complaint was ultimately dismissed by the Ohio Court of Claims. Nevertheless, it is the act of filing a case with the Ohio Court of Claims that results in a waiver of federal claims. *See* Ohio Rev. Code Ann. § 2743.02(A)(1) ("*filing* a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission. . . .") (emphasis added). *See also Fischer v. Kent State Univ.*, No. 5:09-cv-315, 2010 WL 11519471, at *2 (N.D. Ohio June 18, 2010) ("whether the plaintiff's action in the Ohio Court of Claims is dismissed or still pending is irrelevant, as the waiver is complete upon filing"), *aff'd on other grounds*, 459 F. App'x 508 (6th Cir. 2012); *Higginbotham v. Ohio Dep't of Mental Health*, 412 F. Supp. 2d 806, 812 (S.D. Ohio 2005) ("[p]laintiff's filing in the Court of Claims constituted a complete waiver of any state or federal claims against the individual employees"); *Thomas v. Ohio Dep't of Rehab. and Corr.*, 36 F. Supp. 2d 1005, 1008 n.3 (S.D. Ohio 1999) ("The language of the statute, as well as that of the Sixth Circuit cases . . . indicate that filing, alone, is sufficient to trigger the waiver. Here, the 'quid' in Thomas' quid pro quo existed in the form of her ability to file suit against the state, not to litigate it fully."). Accordingly, the Court finds that both lawsuits arise out of the same acts or omissions, and plaintiff has waived his federal claims against defendants under *Leaman*.

In the alternative, even if plaintiff did not waive his federal claims under *Leaman*, this federal court is without jurisdiction to expunge an Ohio conviction. The expungement statute, Ohio Rev. Code § 2953.32, does not "permit a federal court to expunge an Ohio conviction." *In re Brooks*, No. 2:13-mc-0032, 2013 WL 5487210, at *3 (S.D. Ohio Sept. 30, 2013) (Report and Recommendation), *adopted*, 2013 WL 5728511 (S.D. Ohio Oct. 22, 2013). Therefore, the

Court cannot grant the injunctive relief plaintiff seeks.

In addition, plaintiff's claims against defendant Judge Ferenc are barred by judicial immunity. Judges are afforded absolute immunity from §§ 1983 and 1985 liability for acts they commit while functioning within their judicial capacity. *Morris v. Turner*, No. 3:22-cv-279, 2023 WL 415079, at *3 (S.D. Ohio Jan. 26, 2023) (Report and Recommendation), *adopted*, 2023 WL 5899893 (S.D. Ohio Sept. 11, 2023) (recognizing that absolute judicial immunity applies to claims under both §§ 1983 and 1985) (citing cases). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). *See also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). It is clear that the decisions made by Judge Ferenc in the state court action were functions normally performed by judges. *Stump*, 435 U.S. at 362. Plaintiff has alleged no facts indicating that Judge Ferenc acted "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Therefore, Judge Ferenc is absolutely immune from civil liability in this matter.

Likewise, defendant Horton is entitled to quasi-judicial immunity based on plaintiff's sole allegation against him. Plaintiff alleges that defendant Horton "erroneously reported to the Court that Jacques E. Smith has not been rehabilitated." (Doc. 1-1 at PAGEID 8). Horton's duties in providing information to Judge Ferenc to assist him in the expungement decision were

11

judicial in nature, entitling him to quasi-judicial immunity. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007).

Finally, plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that the defendants Yost, Prater, and Tekulve violated plaintiff's rights under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations that defendants Yost and Tekulve failed to remedy Judge Ferenc's actions after plaintiff notified them "about the fraud committed" by Judge Ferenc are conclusory and insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. Also, plaintiff lists Judge Prater as a defendant in the caption of the complaint, but he does not allege any actions or omissions on the part of Prater that allegedly violated plaintiff's rights. For these reasons, plaintiff's complaint against these defendants should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/21/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JACQUES E. SMITH,
    Plaintiff,

vs.

DAVID YOST, OHIO ATTORNEY
GENERAL, et al.,
    Defendants.

Case No. 1:23-cv-749

McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13