# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JACQUES E. SMITH,
     Plaintiff,

     vs.

DAVID YOST, OHIO ATTORNEY
GENERAL, et al.,
     Defendants.

Case No. 1:23-cv-749

McFarland, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Texas, filed his original pro se civil complaint against Ohio Attorney General David Yost, the Honorable Judge Richard P. Ferenc, the Honorable Judge Charles L. Prater, Clermont County Prosecutor Mark Tekulve, and Clermont County Adult Probation Department employee Nick Horton. (Doc. 1-1; Doc. 3). The undersigned recommended that the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 4). One week later, plaintiff filed an amended complaint, adding Ohio Governor Mike DeWine as a defendant in this case. (Doc. 5). The District Judge, by notation order, recommitted this case to the undersigned Magistrate Judge with instructions to file a supplemental report screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and make recommendations based on that analysis. (*See* Jan. 4, 2024 Recommittal Order).

This matter is now before the undersigned for a s*ua sponte* review of the amended complaint to determine whether the amended complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**Screening of Amended Complaint**

**A.     Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.   The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.   28 U.S.C. § 1915 (e)(2)(B)(ii).   A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

2

curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).   By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."   *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."   *Id.* at 557.   The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Erickson*, 551 U.S. at 93 (citations omitted).

### B.     Plaintiff's Amended Complaint

With the exception of naming Ohio Governor Mike DeWine as a defendant, plaintiff's amended complaint and the documents attached thereto are largely identical to the original complaint.   The undersigned incorporates by reference the allegations of the original complaint

herein.

In addition to those allegations, plaintiff alleges:

- Under the Ohio Constitution, the "Governor may grant reprieves, commutations and pardons. §11 The governor shall have power, after conviction, to grant reprieves, commutations, and pardons, for all crimes and offences. . . ."
- Jacques E. Smith notified Ohio Governor Mike DeWine of Judge Ferenc's violations of the Ohio Constitution in Jacques E. Smith's lawsuit in Clermont County Common Pleas Court but Governor DeWine did nothing.
- Jacques E. Smith notified Ohio Governor Mike DeWine of Judge Ferenc's violations of the Ohio Constitution in Jacques E. Smith's lawsuit in Clermont County Appeals Court but Governor DeWine did nothing.
- Jacques E. Smith notified Ohio Governor Mike DeWine of Judge Ferenc's violations of the Ohio Constitution in Jacques E. Smith's lawsuit in the Ohio Supreme Court but Governor DeWine did nothing.
- Under the Ohio Constitution, Governor Mike DeWine has the authority to step in and rectify the gross injustice of Hon. Judge Richard P. Ferenc but he chose not to.
- Governor Mike DeWine and the Ohio court system "passed the buck" by dismissing Jacques E. Smith's cases.
- Jacques E. Smith's Constitutional rights were violated by Honorable Judge Ferenc and ignored by Governor Mike DeWine.

(Doc. 5 at PAGEID 52-55). As relief, plaintiff seeks compensatory damages against all of the defendants, including Governor DeWine, and expungement of his criminal record.

## C. Resolution

The allegations set forth in the amended complaint are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

For the reasons set forth in the December 21, 2023 Report and Recommendation, which are incorporated herein by reference:

- Plaintiff's claims, including those against Governor DeWine, are barred under *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987).
- This federal court is without jurisdiction to expunge an Ohio conviction—the relief that plaintiff seeks. *See In re Brooks*, No. 2:13-mc-0032, 2013 WL 5487210, at *3 (S.D. Ohio Sept. 30, 2013) (Report and Recommendation), *adopted*, 2013 WL 5728511 (S.D. Ohio Oct. 22, 2013).
- Plaintiff's claims against defendant Judge Ferenc are barred by judicial immunity. *See*

4

*Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967).

- Defendant Horton is entitled to quasi-judicial immunity based on plaintiff's sole allegation against him. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007).

In addition, to the extent plaintiff suggests Governor DeWine violated the Ohio Constitution, he fails to state a federal claim for relief. The federal civil rights statute, 42 U.S.C. § 1983, is a vehicle for enforcing federal rights; "[i]t does not cover official conduct that allegedly violates state law." *Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007) (citation omitted). "A plaintiff may therefore challenge a state procedure in a § 1983 action 'only to the extent that the challenge invokes federal statutory or constitutional rights.'" *Beckham v. City of Euclid*, 689 F. App'x 409, 414 (6th Cir. 2017) (quoting *Michael*, 498 F.3d at 375-76).

Finally, plaintiff's amended complaint provides no factual content or context from which the Court may reasonably infer that defendants DeWine, Yost, Prater, and Tekulve violated plaintiff's rights under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 678. Plaintiff's allegations that defendants DeWine, Yost and Tekulve failed to remedy Judge Ferenc's actions after plaintiff notified them are conclusory and insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. Also, plaintiff lists Judge Prater as a defendant in the caption of the amended complaint, but he does not allege any actions or omissions on the part of Prater that allegedly violated plaintiff's rights.

For these reasons, plaintiff's amended complaint against all defendants should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. The amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 2/29/2024

Karen L. Litkovitz
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JACQUES E. SMITH,                                    Case No. 1:23-cv-749
      Plaintiff,

                                 McFarland, J.
      vs.                                               Litkovitz, M.J.

DAVID YOST, OHIO ATTORNEY
GENERAL, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).