UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JACQUES E. SMITH, | Case No. 1:23-cv-749 |
| | McFarland, J. |
| Plaintiff, | Litkovitz, M.J. |
| vs. | |
| DAVID YOST, OHIO ATTORNEY GENERAL, *et al.*, | **ORDER AND REPORT AND RECOMMENDATION** |
| Defendants. | |

This matter is before the Court on plaintiff's "Motion for Clarity about Case Closing" (Doc. 18) and "Writ of Mandamus & Forma Pauperis" (Doc. 19). Plaintiff also filed a motion for leave to appeal *in forma pauperis* (Doc. 21), which is DENIED as moot given the dismissal of plaintiff's appeal by the Sixth Circuit Court of Appeals for lack of jurisdiction (*see* Doc. 23).[1]

I.  BACKGROUND

On November 13, 2023, plaintiff initiated a civil rights action and sought leave to proceed *in forma pauperis*. (Doc. 1). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court performed initial screenings of plaintiff's complaint and amended complaint. (*See* Docs. 4 and 8).[2] As the undersigned previously summarized, plaintiff alleged that he was convicted of several felonies in the Clermont County Court of Common Pleas. (Doc. 8 at PAGEID 39). Plaintiff sought expungement in the Clermont County Court of Common Pleas twenty-six years after his release from his related prison sentence, and Judge Richard Ferenc was assigned to the

---

[1] In addition, in his "Writ of Mandamus & Forma Pauperis" (Doc. 19), plaintiff references Rule 24 of the Federal Rules of Appellate Procedure on "Proceeding in Forma Pauperis." (*See id.* at PAGEID 137, ¶ 8). But the District Judge already certified that an appeal of his Order would not be taken in good faith, and plaintiff should therefore not be permitted to proceed *in forma pauperis* on appeal. (Doc. 13 at PAGEID 113). *See* Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court . . . certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding.").
[2] The two complaints (Docs. 3 and 5) were largely identical with the exception of the addition of Ohio Governor Mike DeWine as a defendant in the latter. (*See* Doc. 8 at PAGEID 81).

case. (*Id.*). Judge Ferenc denied relief. (*Id.*). Plaintiff sued Ohio governor Mike DeWine, Judge Ferenc, Clermont County Adult Probation Department employee Nick Horton, Ohio Attorney General David Yost, Clermont County Prosecutor Mark Tekulve, and Judge Charles L. Prater alleging civil rights violations stemming from this denial. (*Id.* at PAGEID 39-41).

The undersigned recommended that plaintiff's case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 4 at PAGEID 48; Doc. 8 at PAGEID 83). The Court concluded:

- Plaintiff's claims, including those against Governor DeWine, were barred under *Leaman v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, 825 F.2d 946 (6th Cir. 1987).

- The Court was without jurisdiction to expunge an Ohio conviction—the relief that plaintiff sought. *See In re Brooks*, No. 2:13-mc-0032, 2013 WL 5487210, at *3 (S.D. Ohio Sept. 30, 2013) (report and recommendation), *adopted*, 2013 WL 5728511 (S.D. Ohio Oct. 22, 2013).

- Plaintiff's claims against defendant Judge Ferenc were barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547 (1967).

- Defendant Horton was entitled to quasi-judicial immunity based on plaintiff's sole allegation against him. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007).

- Plaintiff's 28 U.S.C. § 1983 lawsuit was not a vehicle for enforcing the Ohio Constitution, and therefore plaintiff could not state a claim against Governor DeWine for violating the Ohio Constitution.

- Plaintiff's amended complaint failed to provide any content or context from which the Court may reasonably infer that defendants DeWine, Yost, Prater, and Tekulve violated plaintiff's rights under 42 U.S.C. § 1983.

(*See* Doc. 8 at PAGEID 82-83). The District Judge adopted the Report and Recommendations summarized above in their entireties and terminated the case from the Court's docket. (*See* Doc. 13).

## II. "MOTION FOR CLARITY"

In his "Motion for Clarity," plaintiff raises eight issues:

1. He did not receive notifications from the Court about the closing of his case;

2. The Court did not rule on his previous filings;

3. The Court did not "rul[e] on the remand of the Magistrate's first recommendation";

4. The Court did not investigate his fraud allegations;

5. The Court did not rule on his jury demand;

6. The Court did not rule on his default judgment motion;

7. The Court did not "rul[e] on the evidence in this case."

(Doc. 18 at PAGEID 131-132).

With respect to items 1, 3, and 6, plaintiff received notice by regular mail of the Entry and Order adopting both of the undersigned's Report and Recommendations (Doc. 13), the Clerk's Judgment affirming that Entry and Order (Doc. 14), and the Notation Order denying as moot plaintiff's motion for default judgment (Doc. 16), all of which were mailed to the following address:

> 1620 Bryant Drive
> Unit 2403
> Round Rock, TX 78664

This address is consistent with the address provided in plaintiff's recent motions and the address reflected on the Court's docket.

With respect to items 2 and 5, plaintiff's motions for jury trial (Doc. 10) and motion for summary judgment (Doc. 11) are hereby expressly **DENIED as moot** given that his case has been dismissed. With respect to item 4, it is not the province of the Court to conduct investigations. *See Walker v.* Walker, No. 1:23-cv-4, 2023 WL 2948782, at *3 (W.D. Mich. Jan.

19, 2023) (citing *Fiore, II v. Benfield*, No. 1:15-cv-271, 2015 WL 5511156, at *2 (M.D. N.C. Sept. 16, 2015) ("[T]he Court does not conduct investigations, and investigations are not an obtainable form of relief in a civil lawsuit."); *Reeves v. SCI Coal Twp.*, 4:11-cv-02313, 2012 WL 666832, at *1 (M.D. Pa. Feb. 9. 2012) (same) (report and recommendation), *adopted*, 2012 WL 666801 (M.D. Pa. Feb. 29, 2012)). Finally, with respect to item 7, the Court dismissed plaintiff's case prior to the evidentiary phase of the lawsuit because all of the claims asserted therein were either barred under applicable Sixth Circuit precedent, outside the jurisdiction of the Court, blocked by immunities to which the defendants were entitled, or too vague to assert a legally sufficient claim. It was therefore not error for the Court to reach its decision without considering evidence. Plaintiff's "Motion to Clarify" (Doc. 18) is **GRANTED** in the form of the foregoing explanation.

### III. "WRIT OF MANDAMUS & FORMA PAUPERIS"

In plaintiff's "Writ of Mandamus & Forma Pauperis" (Doc. 19), he enumerates many of the issues raised in his "Motion for Clarity"—in particular, items 1-5 and 7. Otherwise, plaintiff alleges that:

> 6. Neither the Judge nor the Magistrate read the transcript of Judge Ferenc's hearing, especially the part where the Judge is attempting to retry Jacques E. Smith on the original complaint against him in 1996. This action by the Judge violates Jacques E. Smith's rights under the U.S. Constitution, Fifth Amendment.

(*Id.* at PAGEID 136). Plaintiff also alleges a violation of the Ohio Constitution. (*Id.* at PAGEID 137). Finally, plaintiff suggests that the undersigned made "clandestine decisions" and has a "personal bias against" him. (*Id.*).

> Writs of mandamus are extraordinary remedies that are:
>
> not to be used when the most that could be claimed is that the district courts have erred in ruling on matters within their jurisdiction." *Schlagenhauf v. Holder*, 379 U.S. 104, 112, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964). Rather, "only exceptional

> circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." *Will v. United States*, 389 U.S. 90, 95, 88 S. Ct. 269, 19 L. Ed. 2d 305 (1967).

*In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 323 (6th Cir. 2009).

Plaintiff appears to allege errors in the Court's decision to dismiss his complaint—a matter fully within its jurisdiction. In addition, mandamus relief is not available to plaintiff because, as best the Court can tell, he seeks a writ of mandamus from this Court telling *this same Court to* allow his case to proceed. The statutes allowing federal courts to issue writs of mandamus contemplate issuing such writs to courts "over which they have appellate jurisdiction" and "to employees of the *Executive* branch." *United States v. Rogers*, No. 1:08-cr-2, 2024 WL 2010935, at *4 (S.D. Ohio May 7, 2024) (discussing 28 U.S.C. §§ 1651 and 1361; citing and quoting *United States v. Choi*, 818 F. Supp. 2d 79, 84 (D. D.C. 2011)). Neither is the case here.

The Court finds the motion better construed as a motion for relief from judgment under Rule 60(b). *See id.* (citing *McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012) (noting that a district court has discretion to address substance over form)). Rule 60(b) provides for relief from an order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is not a substitute for an appeal. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

Plaintiff's assertions that he did not receive various documents from the Court appear to fall under Rule 60(b)(1). But plaintiff offers no affidavit or evidence in this regard. *See Frost v. RAR Contracting Co., LLC*, No. 1:19-cv-01758, 2020 WL 4016102, at *4 (N.D. Ohio July 16, 2020) (denying relief from judgment under Rule 60(b)(1) where the defendant "ha[d] not provided any evidence that it was not aware of the entry of default against it or the subsequent evidentiary hearing."). Further, the Sixth Circuit has already concluded that there is no basis to extend plaintiff's deadline to file an appeal of the Order dismissing his case:

> Although [plaintiff] claimed in a post-judgment filing that he did not find out about the dismissal of his case "until he filed a Motion for Default Judgement [sic] and received notice that the case had been closed," the district court docket indicates that the notation order informing him the case was closed was entered on May 14, 2024, within 21 days of the entry of judgment and with two weeks left in the appeal period. Nevertheless, after receiving notice of the closure, [plaintiff] waited two months before filing a notice of appeal.

(Doc. 23 at PAGEID 157).

Otherwise, only Rule 60(b)(6), the catchall provision, would appear to apply; and it applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989) (citation omitted). Plaintiff's disagreements with the Court's decision on his claims does not constitute exceptional or extraordinary circumstances.

Finally, to the extent that plaintiff alleges the undersigned should have recused herself from this matter, this argument is without merit. Recusals are governed by 28 U.S.C. §§ 144 and 455. Section 144 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal

>bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. The statute requires that such affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists. . . ." *Id.*

Judges and magistrate judges are bound by the recusal standard set forth in 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify h[er]self in any proceeding in which his impartiality might reasonably be questioned." *Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1079 (6th Cir. 2015) (quoting 28 U.S.C. § 455(a)). Section 455(b) sets forth the following additional circumstances under which a judge shall disqualify herself: (1) the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"; (2) the judge in private practice served as a lawyer in the matter in controversy, or a lawyer with whom the judge "previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning" the matter; (3) the judge has served in governmental employment and in such capacity "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy"; (4) the judge knows that he, his spouse or a minor child residing in his household "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding"; or (5) the judge, his spouse, or an individual or a spouse of the individual within the third degree of relationship to either one of them is a party to the proceeding or an officer, director or trustee of a party; is acting as a lawyer in the proceeding; is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or is to the

judge's knowledge likely to be a material witness in the proceeding. 28 U.S.C. § 455(b).

A judge must recuse herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Ragozzine*, 783 F.3d at 1079 (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990) (discussing 28 U.S.C. § 455(a))). *See also Moniz v. Cox*, 512 F. App'x 495, 501 (6th Cir. 2013) ("'[A] judge should disqualify himself only if there is a reasonable factual basis for doubting his impartiality,' as determined from an objective standpoint.") (quoting *Khan v. Yusufji*, 751 F.2d 162, 164 (6th Cir. 1984)). "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* at 502 (quoting *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (internal quotation marks omitted)). As the Supreme Court has explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S. [563, 583 (1966) ]. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required [ ] when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

In *Hiles v. Army Rev. Bd. Agency*, No. 1:12-cv-673, 2015 WL 4778831 (S.D. Ohio Aug. 13, 2015) (report and recommendation), *adopted*, 2016 WL 561186 (S.D. Ohio Feb. 12, 2016), this Court held that "speculative and unfounded allegations are insufficient to demonstrate bias or prejudice . . . and do not establish a basis for recusal." *Id.* at *4. The same is true here. Plaintiff has not presented any evidence warranting recusal. Plaintiff's allegations are

speculative and unsupported by an affidavit demonstrating any personal bias harbored by the undersigned against him.

Plaintiff has not demonstrated that he is entitled to relief from the Court's Order (Doc. 13) under Rule 60(b)(1) or (6) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Motion to Clarify" (Doc. 18) is **GRANTED** as explained herein.

2. Plaintiff's motion for leave to proceed in forma pauperis on appeal is **DENIED** as moot.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's "Writ of Mandamus & Forma Pauperis" (Doc. 19), whether construed as a request for a writ of mandamus or a motion for relief from judgment under Fed. R. Civ. P. 60, be **DENIED**.

Date: 9/27/2024

Karen L. Litkovitz
Chief United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JACQUES E. SMITH,

    Plaintiff,

vs.

DAVID YOST, OHIO ATTORNEY GENERAL, *et al.*,

    Defendants.

Case No. 1:23-cv-749
McFarland, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).